In the Matter of the Application of ROBERT W. WOODRUFF, a Stockholder in the LEVY BROTHERS & ADLER ROCHESTER, INC., for the Appointment of Appraisers to Appraise the Value of His Stock.

Supreme Court, Monroe County, February 8, 1941.

*Everett K. Van Allen,* for the petitioner.

*Isaac Adler,* for the respondent.

GILBERT, J. The petitioner, Robert W. Woodruff, is a stockholder of the respondent corporation, Levy Brothers & Adler Rochester, Inc., holding fifty shares of the preferred stock in said corporation. At a meeting of the corporation duly held on November 20, 1940, a plan for the recapitalization of the company was approved by the vote of upwards of two-thirds of the stockholders. Notice of the meeting at which the proposed change was to be considered was given to the stockholders on October 30, 1940.

Prior to the meeting, the petitioner caused to be served upon the corporation objections to the proposed action and a demand for payment for his stock pursuant to the provisions of subdivision 9 of section 38 of the Stock Corporation Law, and subsequently and pursuant to the provisions of section 21 of the Stock Corporation Law, instituted this proceeding for the appointment of appraisers. It is the claim of the petitioner that his preferential rights as a holder of the preferred stock of the respondent corporation have been materially altered by the action authorized at the meeting. This claim is disputed by the corporation which contests the petitioner's right to have his stock appraised.

Prior to the meeting the corporate capitalization consisted of 10,159 shares outstanding of $100 par value, eight per cent cumulative preferred stock and 9,536 shares of common stock having a stated value of twenty dollars per share. There had been no dividend paid by the corporation since 1930, and there were accrued preferred dividends in arrears in excess of $900,000. The net value of the corporation's assets over liabilities was approximately $646,000, leaving a capital deficit of over $560,000, without taking into consideration the dividends in arrears.

The plan proposed was, in brief, the exchange by the preferred stockholders, share for share, of their present holdings of preferred stock for a new prior preferred stock, having a par value of twenty-five dollars, and with accompanying preferences as to dividends and redemption and liquidating value, together with one share of the existing common stock for each four shares of preferred stock exchanged. The exchange was not compulsory and the common stock to be received in the event of an exchange was not a new issue but would be made up from issued outstanding common stock surrendered by the common stockholders for that purpose. The preferred stock surrendered would be canceled and the accrued dividends thereon waived.

The petitioner claims that this proposed action will result in a change in his present preferential rights. Both the petitioner and the respondent rely on three decisions of the Court of Appeals dealing with proceedings for the appraisal of stock as authority for their positions. The decisions are *Matter of Dresser* (247 N. Y. 553); *Matter of Silberkraus* (250 id. 242), and *Matter of Kinney* (279 id. 423). In fact, the brief filed by the attorney for the respondent frankly states that the proposed plan is based on the decision in *Matter of Kinney* (*supra*).

It is not disputed that the new prior preferred stock to be issued in exchange for the existing preferred stock of the respondent contains valuable preferences and is superior in dividend and liquidation rights. The above authorities, however, hold that super-

imposing a new preferred stock with priorities upon an old preferred stock is not an alteration of the preferential rights of the old stock within the contemplation of subdivision 9 of section 38 of the Stock Corporation Law, where there is no change or alteration of preferences between the existing stock of the corporation.

In other words, the alteration, if any, must be as between the preferences of the existing stock in relation to each other and not as between the existing stock and the stock proposed to be issued.

In the situation now before the court, the existing preferences as between the present common and preferred stock are not altered in any respect nor are the holders of the present preferred stock obliged to exchange their stock for the new prior preferred. The exchange is entirely optional with the stockholder.

In *Matter of Dresser* (*supra*) it was held that similar circumstances did not authorize the appointment of appraisers.

In *Matter of Silberkraus* (*supra*) the court held that by reason of the fact existing stock was abolished, preferential rights were altered and appraisers should be appointed.

In *Matter of Kinney* (*supra*) the proposed recapitalization changed the par value of existing common stock which resulted in reducing the capital of the corporation by a transfer of capital to surplus, and constituted an alteration of the preferential rights of the preferred stock. The evil in the proposed recapitalization in the *Kinney* case seems to have been the change in par value of existing common stock.

The proposed recapitalization in the case now before the court will also result in a reduction of stated capital. The effect of such reduction on the existing preferred stock is illustrated in the briefs of each of the attorneys for the parties as follows:

Assuming all but 300 shares of the existing preferred stock is exchanged for the proposed prior preferred stock, the respondent shows this resulting situation:

| | |
|---|---:|
| 300 shares old preferred, par $100............ | $30,000 |
| 9,859 shares new prior preferred, par $25..... | 246,475 |
| 9,536 shares common, stated value $20....... | 190,720 |
| Total capital......................... | $467,195 |
| Surplus.............................. | 172,805 |
| Net assets........................... | $640,000 |

The result is a wiping out of the present deficit in capital of $500,000 and a resulting surplus of $172,805. The value of the

net assets of the corporation is $640,000 so that the value of the preferred stock before the change is sixty-four dollars per share and after the change would be $100 exclusive of the surplus.

Assuming the same situation the petitioner shows this situation:

| | |
|---|---:|
| 300 shares old preferred stock, par $100.............. | $30,000 |
| 9,859 shares of new prior preferred, liquidating value $65. | 640,835 |
| 9,536 shares of common stock, stated value $20....... | 190,720 |
| Total capital liability.......................... | $861,555 |
| Net assets.................................... | 640,000 |
| Deficiency.................................... | $221,555 |

The change from a surplus as shown by the first illustration to a deficiency as shown by the second illustration is accomplished by using the liquidating value of sixty-five dollars per share of the new prior preferred stock instead of the par value of twenty-five dollars per share. It is thus seen that an immediate liquidation of the corporation following the recapitalization would exhaust the net assets of the corporation in payment of the new prior preferred stock, leaving nothing for the 300 shares of existing preferred stock which had not been exchanged.

This result obtains, however, not by reason of any alteration or change in preference of the existing preferred stock in relation to the existing common stock, but only by reason of the issue of the new prior preferred stock with preferences superior to the existing preferred stock. Neither of the existing stocks is abolished nor is the par or stated value changed, nor are the holders of the existing preferred obliged to exchange their stock unless they desire to do so.

It is conceded that the value of the existing preferred may well be affected by the new issue of prior preferred, but the preferences and rights as between the existing preferred and common are not altered in any way, within the contemplation of subdivision 9 of section 38 of the Stock Corporation Law, under the authorities hereinbefore cited.

The attorney for the respondent corporation makes a preliminary objection to the proceeding on the ground that the petitioner instituted the proceeding before the proposed plan had become effective. The petitioner seems to have complied with the statutory provisions governing an application of this character and the court feels there is no merit to the objection. However, in view of the conclusion of the court as to the main issue, the application by the petitioner for the appointment of appraisers is denied.