STANDARD BREWING Co. INC., Plaintiff, *v.* CLARENCE H. PEACHEY et al., Defendants.

Supreme Court, Equity Term, Monroe County, December 4, 1951.

*Philip M. Liebschutz* for plaintiff.

*Harold G. Hutchens* for defendants.

ROBERTS, J. The plaintiff here seeks a declaratory judgment to the effect that the defendants have no right to an appraisal and payment for their stock under the proposed plan of recapitalization of the plaintiff corporation.

The plaintiff corporation has a present capital structure consisting of 5,000 shares of common stock having a par value of $5 per share and 2,500 shares of preferred stock with a par value of $100 per share. All voting rights are vested in the common stock. At a special meeting of the stockholders of the corporation held on September 4, 1951, a resolution was adopted to increase the capital stock of the corporation from $275,000 to $550,000. The resolution provided for increasing the common stock to 30,000 shares of a par value of $5 per share and creating a new 6% second preferred stock consisting of 15,000 shares of a par value of $10 per share.

The defendants are common stockholders of the corporation. They received due notice of the meeting and each duly served notice of their objection to the proposed action and each demanded appraisal and payment of their stock as provided by section 38 of the Stock Corporation Law.

On September 18, 1951, the present action was started. Thereafter and on or about the 17th day of October, 1951, the defendants instituted a proceeding pursuant to section 21 of

the Stock Corporation Law for an appraisal of their stock. Said proceeding was made returnable before Mr. Justice JAMES C. O'BRIEN at a Special Term of the Supreme Court on October 24, 1951, and decision was reserved pending the determination of the present action.

There is a sharply contested question of law between the parties as to whether the action taken by the corporation gave the defendants any right of appraisal. The question which is first presented for determination here is whether or not this action for a declaratory judgment is a proper means of determining such issue or whether the issue should be left for determination in the pending appraisal proceeding.

By section 473 of the Civil Practice Act, the Supreme Court is given jurisdiction to declare rights and other legal relations on request for such declaration. By rule 212 of the Rules of Civil Practice, the court is empowered to decline to pronounce a declaratory judgment if in the opinion of the court the party should be left to relief by existing forms of action or for other reasons. If the court declines to give relief, it must state the grounds upon which its discretion is so exercised. The use of a declaratory judgment is discretionary but it must serve some practical end in quieting or stabilizing disputed jural relations. It is usually unnecessary where another adequate remedy exists. (*James* v. *Alderton Dock Yards,* 256 N. Y. 298.) Discretion may be withheld where existing forms of action are reasonably adequate. (*Newburger* v. *Lubell,* 257 N. Y. 383.) Where a genuine controversy exists, the courts have never held that relief should be denied solely for the reason that another remedy is available. (*Woollard* v. *Schaffer Stores Co.,* 272 N. Y. 304.) A declaratory judgment will not be refused even where another remedy exists provided a genuine controversy exists and the determination will be of assistance and will serve a useful and practical purpose. (*Bradford* v. *County of Suffolk,* 257 App. Div. 777, mod. on other grounds 283 N. Y. 503; *Kirn* v. *Noyes,* 262 App. Div. 581; *Dun & Bradstreet* v. *City of New York,* 276 N. Y. 198.)

There is no dispute but that ordinarily the issue of whether or not a right of appraisal exists may be determined in an appraisal proceeding brought pursuant to section 21 of the Stock Corporation Law. Whether or not such issue may also be determined in the present action for a declaratory judgment calls for an exercise of discretion by the court. The determination of this question is dependent upon whether or not the appraisal proceeding will afford a full and adequate remedy

to the plaintiff corporation and whether or not a declaratory judgment will serve a useful and practical purpose which could not be achieved in the appraisal proceeding. The action of the stockholders approving the plan of recapitalization was taken on September 4, 1951. The resolution there adopted authorized the president or vice-president and secretary, subject to the approval of the corporation's attorney, to execute and file a certificate for the proposed change of capitalization. On October 11, 1951, counsel for the corporation wrote it a letter advising that in view of the pendency of the present action, he would not give his approval to the filing of the amended certificate until the question was determined as to whether such proposed amendment would give the defendants a right of appraisal because such right of appraisal, if it existed, would defeat the very purpose of the proposed increase of capitalization. The amended certificate has not been filed and apparently will not be filed until the question at issue is determined. Paragraph (d) of subdivision 11 of section 38 of the Stock Corporation Law, provides that a dissenting stockholder must file his demand and objection with the corporation at any time prior to the vote authorizing the action or, if notice of the meeting was not mailed to the stockholder at least twenty days prior to the taking of such vote, then within twenty days after the mailing of the notice. Section 21 of the Stock Corporation Law prescribes the period of time, after the stockholder has taken the action authorized by section 38, within which the appraisal proceeding must be instituted. The appraisal proceeding was therefore properly instituted by the defendants within the time specified after the stockholders' vote even though the amended certificate had not been filed. (*Matter of Seiler,* 239 App. Div. 400.) Even though such proceeding was properly instituted and is now pending, a determination of the defendants' rights to an appraisal cannot properly be made in such proceeding until the amended certificate is filed. The stockholders' action did not *ipso facto* give the defendants any right of appraisal. Even if the recapitalization proposed is of such a nature as to give a right of appraisal, such right does not become fully established until the action of the stockholders is made effective by the filing of the certificate because until this is done, none of the preferential rights have in fact been altered. (*Matter of Eaton* [*Hinman Milking Mach. Co.*], 276 App. Div. 7.)

If it should be determined that the proposed plan of recapitalization gives a right of appraisal to the defendants, the

plaintiff corporation may decide to abandon such plan and rescind the action taken by its stockholders. Where the action giving rise to the right of appraisal is subsequently rescinded, the right of appraisal is lost. This is so whether the right of appraisal arises by reason of a proposed recapitalization (*Matter of Eaton* [*Hinman Milking Mach. Co.*], 276 App. Div. 7, *supra*), by reason of a proposed sale of corporate property (*Matter of Millard,* 221 App. Div. 113, affd. 246 N. Y. 546), or by reason of a proposed merger (*Matter of Standard Coated Products Corp.* [*Bazar*], 183 Misc. 736, affd. 271 App. Div. 1007).

In view of the particular circumstances here existing, the plaintiff could not be afforded a full and adequate remedy in the appraisal proceeding, and the determination of the disputed question at issue in the pending action would serve a practical and useful purpose in determining the rights of the parties which would permit the plaintiff corporation to chart its future course with a knowledge of its rights and liabilities. For these reasons the court in the exercise of its discretion holds that this is a proper case to invoke the remedy of a declaratory judgment.

The capital structure of the plaintiff corporation as it exists today and as it would be if the proposed change becomes effective, can be shown as follows:

| *Present Capital* | | *Proposed Capital* | |
|---|---|---|---|
| 2,500 shs. 7% Pfd. | | 2,500 shs. 7% Pfd. | |
| Par $100 | $250,000 | Par $100 | $250,000 |
| 5,000 shs. common | | 15,000 shs. 6% Pfd. | |
| Par $5 | 25,000 | Par $10 | 150,000 |
| | | 30,000 shs. common | |
| | $275,000 | Par $5 | 150,000 |
| | | | $550,000 |

The proposed change does not in any way affect the present 7% preferred stock. The preferences and the number of authorized shares remain unchanged. There is no change in the present common stock except that the number of authorized shares is increased. The par value and the voting rights remain the same. Defendants make no claim that the increase in the number of shares of the common stock gives any right of appraisal. The proposed recapitalization provides for a new issue of 15,000 shares of second preferred 6% stock and it is the issue of this proposed new stock which defendants claim gives rise to a right of appraisal.

The present certificate of incorporation provides that in the event of liquidation " after the payments to the holders of preferred stock of its par value and the unpaid accrued dividends thereon, the remaining assets and funds shall be divided and paid to the holders of common stock according to their respective shares ". It is the claim of the defendants that this provision created a preferential right in the present common stock in that it gave such stockholders the right to the remaining assets after payment of the present 7% preferred. It is further claimed that as the proposed issue of the new 6% preferred would be payable in the event of dissolution after the present 7% preferred but before the common stock, this constitutes a change in the preferences as between the present common stock and the present 7% preferred. The position of the defendants is concisely stated in their brief as follows: " The change here authorized did not alter any superiority in the receipt of dividends, but it did alter, we claim, the *rights of distribution upon dissolution* of the outstanding stock of the corporation as between the different classes."

The defendants base their claim for appraisal upon paragraph (a) of subdivision 11 of section 38 of the Stock Corporation Law which gives a right of appraisal if the certificate " (a) alters or abolishes any preferential right of any outstanding shares having preferences, affecting the holders of such shares adversely ". It is necessary, therefore, to determine whether the quoted provision of the present certificate of incorporation giving the common stock the right to the assets of the corporation after the payment of the present 7% preferred, constitutes a preferential right in the common stock within the meaning of paragraph (a) of subdivision 11 of section 38 of the Stock Corporation Law.

The answer to this question would seem to be explicit in the language of section 11 of the Stock Corporation Law which provides in part as follows: " no shares which are entitled to preference in the distribution of dividends or assets shall be designated as common stock or shares." If the defendants' contention is correct, that the quoted provision of the certificate of incorporation conferred a preferential right upon the common stock in the event of the distribution of assets, no corporation having preferred stock could ever issue common stock. In *Matter of Silberkraus* (250 N. Y. 242, 244), the court in its opinion said: " A preference is a *superiority* either in the receipt of dividends or in the distribution of assets upon dissolution. *Preferential rights are such rights as attach*

*to shares possessing a preference."* (Emphasis supplied.) The provision of the certificate of incorporation upon which the defendants rely creates no preference in the common stock because it gives that stock no *superiority* in the distribution of the assets. In fact, it accomplishes exactly the opposite results by giving the preferred stock a superiority over the common stock in the event of such distribution. The proposed recapitalization does not, therefore, so far as the common stock is concerned, alter or abolish " any preferential right of any outstanding shares having preferences ".

It is true that the proposed recapitalization would reduce the assets available for payment of defendants' stock in the event of dissolution. This would be so both by reason of the creation of the new second preferred stock and by reason of the increase in the number of shares of common stock. Common stockholders suffer a similar disadvantage whenever there is an increase in capitalization. If the proposed new preferred stock had been given priority over both the present 7% preferred and the common, no right of appraisal would have existed even to the holders of the present 7% preferred stock. (*Matter of Kinney,* 279 N. Y. 423; *Matter of Dresser,* 247 N. Y. 553; *Matter of Woodruff,* 175 Misc. 819, affd. 262 App. Div. 814.) Certainly under such a situation, the holders of the common stock would have had no right of appraisal. No case has been called to the attention of the court involving a situation such as is here presented where a new second preferred stock has been authorized which, in the event of dissolution, will be entitled to payment after the existing preferred but before the common. However, the result to the common stockholders here is exactly the same as though the proposed new issue had been a first preferred instead of a second preferred. It is simply an increase in capitalization which reduces the amount available for the payment of the common stock in the event of dissolution. This result alone does not constitute a ground for appraisal.

The plaintiff conceded at the trial that the defendant, Clarence H. Peachey, was the owner and holder of 200 shares of common stock standing in his name upon the books of the corporation and represented by certificates 71 and 72, and that the defendant, Eunice E. Peachey, was the owner and holder of ten shares of common stock standing in her name upon the books of the corporation and represented by certificate 39. On the trial, the defendant, Clarence H. Peachey, also offered in evidence certificates 73, 74 and 75 for 100 shares each,

issued in the name of one L. E. Long and indorsed by him in blank. When these certificates were offered, objection was made by the plaintiff that the ownership of 300 shares of stock represented by these certificates was not at issue in the present action and the evidence was received with that understanding. The court expressly refrains from passing upon the ownership of the 300 shares represented by certificates 73, 74 and 75 as that involves a matter which is not here in issue and the determination of which would have no bearing upon the result reached.

Plaintiff herein is entitled to a judgment declaring that the defendants have no right to an appraisal and payment for their stock under the proposed plan of recapitalization of the plaintiff, together with costs and disbursements. Let judgment enter accordingly.