Bartels, J.
Application for an order pursuant to article 78 of the Civil Practice Act reviewing the determination of the respondent, the commissioner of licenses for the city of New York, in revoking petitioner’s license to operate a parking lot.
Petitioner operated a parking lot at No. 19 Cook Street in the borough of Brooklyn, city of New York. The parking lot was enclosed by a fence with a locked door. Each customer of the petitioner was given a key to the premises, as there was no one in attendance at the parking lot. It appears that the petitioner visited the lot two or three times a day. Towards the end of October, 1950, petitioner rented a small shack on the premises to one Bomano, ostensibly for the purpose of conducting a trucking business. On October 31,1950, Bomano installed a telephone in the shack. Petitioner testified that date was the last time he visited the shack and that Bomano’s failure to have any trucks on the lot did not arouse his suspicions. On December 1, 1950, one Joseph Lavrigata was arrested in the shack for violation of section 986 of the Penal Law (book-making). Lavrigata, who was later convicted of the charge, had been conducting bookmaking operations from the shack for at least one week. Petitioner denies knowing Lavrigata or that the shack was being employed for gambling purposes.
On March 1,1951, petitioner was given a summons to appear for a hearing before respondent. A hearing was held on March *750 8, 1951, and petitioner was notified on March 26, 1951, that his parking lot license had been revoked.
At the outset it must be noted that the sole question before the court is whether the commissioner’s determination is arbitrary or capricious. Unless the determination is clearly unreasonable the court may not substitute its judgment for that of the commissioner. (Matter of Mounting & Finishing Co. v. McGoldrich, 294 N. Y. 104; Matter of Stracquadanio v. Department of Health, 285 N. Y. 93.) Section B32-260.0 of the Administrative Code of the City of New York provides: “ Any license may be suspended or revoked by the commissioner, * * * for the failure of the licensee to comply with any applicable provision of law or any rule or regulation duly promulgated by the commissioner. ’ ’ Regulation 4-b, adopted by the commissioner of licenses under proper authority, requires that: “ The premises of licensed parking lots and garages must be adequately attended at all times during operation.”
The commissioner contends that petitioner’s failure to observe that regulation resulted in the carrying on of criminal activities on his premises. This court cannot say that the commissioner’s finding that two or three visits a day did not constitute compliance with the above regulation was arbitrary and unreasonable. Accordingly, the determination of the commissioner herein has “ warrant in the record ” and must be accepted.
There is no requirement that the commissioner grant a hearing, (see Genesee Recreation Co. of Rochester v. Edgerton, 172 App. Div. 464) and accordingly petitioner’s complaint that the notice of the actual hearing was inadequate has no merit. It is true that it might have been better practice for respondent to indicate specifically the regulations alleged to have been violated and that revocation of petitioner’s license was to be considered; however, the summons, which was entitled, Police Department, plaintiff, against Selig Schachne, No. 19 Cook Street, Brooklyn, licensee, and which indicated that Lavrigata had been arrested on petitioner’s parking lot for violation of section 986 of the Penal Law was sufficient notice to petitioner of the charges. It cannot be said that petitioner was surprised at the hearing.
The hearing before the deputy commissioner, at which counsel for petitioner was given a chance to cross-examine the witnesses, was fair in every respect. Section 773a-7.0 of the Administrative Code of the City of New York expressly permits the commissioner to delegate to the deputy commissioners the power and duty of taking testimony. Therefore, the application is denied and the proceeding is dismissed.