Hilda G. Schwartz, M.
The defendant is charged with a violation of section B32-41.0 of the Administrative Code of the City of New York, in that he operated a common show without a license therefor. Section B32-41.0 provides: “ Operator’s license; fee; unlicensed attendants. — a. It shall be unlawful for any person to act as a common show operator without a license therefor, b. The annual fee for such license shall be fifty dollars, except that where such common show is a motion picture theatre with a seating capacity between six hundred and one thousand, such fee shall be one hundred fifty dollars, and where such seating capacity is in excess of one thousand, the fee shall be two hundred dollars, c. The employment of an unlicensed attendant by a common show operator shall be deemed cause for the revocation or suspension of his license.”
The evidence established that on August 21, 1956 the defendant had in his bar and grill two coin-operated machines, one of the type known as a “ pool machine ”, and one of the type known as a “ shuffle board machine ”. Both were illuminated. *305 The defendant produced a license issued by the department of licenses of the City of New York authorizing him, in consideration of a license fee of $50, to operate a common show “ of the class of shuffle board” at the premises in question. It is the People’s contention that the article relating to common shows (Administrative Code, ch. 32, tit. B, art. 5) requires that each machine, apparatus, paraphernalia or device falling within the definition of a “ common show” as set forth in section B32-40.0 be individually and separately licensed and that the license held by the defendant for a device or common show of the class of shuffle board did not cover the additional device found in defendant’s premises, to wit: a pool machine; that the pool machine was not licensed and that the defendant was therefore guilty of a violation of section B32-41.0.
The defendant contends that the statute contemplates the licensing of the person or premises and not the device and that the one license issued to defendant, even though it specified that it was issued for the operation of “ a common show of the class of shuffle board ” was all that was required to cover any additional machiné or machines he might maintain or operate whether they were of the class of shuffle board or not. Defendant further contends that article 5 does not limit the number or class of common shows which may be maintained or operated by a licensee once he has obtained a common show license and paid the license fee of $50; that section B32-41.0 was intended to regulate the person or premises and not the common show.
The court finds the defendant’s contention untenable. The language of section B32-40.0, as amended, of section B32-41.0, and of the legislative declaration (Administrative Code, § 436-8.0), set forth in the local law amending section B32-40.0 (Local Law No. 45, 1948), indicates an intent to regulate the common show or device as well as the person and premises. The term common show is defined as any machine, apparatus, paraphernalia or device. The singular is used throughout section B3240.0. By such statutory definition each device is therefore a common show.
Section B32-40.0, as amended, reads in part:
“ § B32-40.0 Definitions. — a. Whenever used in this article, the term ‘ common show ’ shall include:
“ (1) A carousel, ferris wheel, gravity steeplechase, chute, scenic cave, bicycle carousel, scenic railway, striking machine, switchback, merry-go-round, puppet show, amusement-arcade and all other shows of like character, a theatre, other than an open-air theatre, in which the seating capacity exceeds six hundred persons, and in which motion pictures only are exhibited;
*306 “ (2) Any machine, apparatus, paraphernalia or device, whether manually, mechanically, electrically, or otherwise operated, in or upon which a game of skill or amusement may be played by one or more persons, singly or collectively, upon the payment of a fee, charge or other consideration, and which machine, apparatus, paraphernalia or device is not arranged, adapted or equipped so that the outcome of the game played thereon or therein is affected by any element of chance; * * *
“ (4) Any ping-pong table, shuffle board, or skee ball game maintained or operated in a place open to the public, or any bocci ball alley maintained or operated in a place open to the public.”
Paragraph (3) of subdivision a of section B32-40.0 includes within the term 1 ‘ common show ’ ’ any machine, apparatus, amusement device, etc., other than “ pin ball ” or “ bagatelle ” machines or machines adaptable or convertible for use as gaming devices, which are maintained or operated in a business place principally devoted to amusement or entertainment, and not a business place principally established for the sale of merchandise, drinks or foodstuff.
The premises in the instant case are a bar and grill and paragraph (3) of subdivision a is therefore not applicable.
Section B32-40.0 has been twice amended since its enactment by chapter 929 of the Laws of 1937; once by Local Laws, 1948, No. 45 of the City of New York, and again by Local Laws, 1951, No. 47. As originally enacted, section B32-40.0 defined the term “common show” as including a carousel, ferris wheel, gravity, steeplechase, chute, scenic cave, bicycle carousel, scenic railway, strildng machine, switchback, merry-go-round, puppet show, ballgame other than games of baseball, and all other shows of like character, a theatre, other than an open-air theatre, in which the seating capacity exceeds 600 persons, and in which motion pictures only are exhibited.
Local Law No. 45 of 1948 added a new section 436-8.0 to the Administrative Code, containing a legislative declaration prohibiting gaming devices. It also amended section B32-40.0 by adding to the definition of a “ common show ” the present paragraph (2) of subdivision a, and present paragraphs (4) and (5) of subdivision a. Local Law No. 47 of 1951 further amended section B32-40.0 by adding the present paragraph (3) of subdivision a, and renumbering the former paragraph (3) as paragraph (4) and the former paragraph (4) as paragraph (5).
Section 436-8.0, added by Local Law No. 45 of 1948, contains (subd. a) a legislative declaration to the effect that the pos *307 session, maintenance and operation in the city, of gaming devices, as therein defined, are a menace to the public health, morals, safety and general welfare of the people of the city. It defines “ gaming devices ”, prohibits them and constitutes violations a misdemeanor. It also provides that ‘ ‘ The term gaming-device shall not include any game, machine or apparatus for which a license is required pursuant to any other provision of this code ”.
It would seem that the legislative intent in including machines and devices, whether manually, mechanically, electrically or otherwise operated, within the licensing provisions relating to the common show, was to regulate, control, supervise and inspect each such device in the interest of public health, morals, safety and general welfare. In the opinion of this court, it would be wholly inconsistent with such legislative intent to interpret the issuance of a license to an individual to maintain or operate a common show of the class of shuffle board, not as a license for the particular common show or apparatus specified, but as a license to an individual to maintain and operate as many common shows or devices as he chose, of whatever type, and at whatever location he wished, without further licensing and without further investigation, regulation or inspection of each such device and location.
The language of section B32-41.0 is interpreted to mean that it shall be unlawful for any person to act as the operator of a common show without a license for each such common show. If the defendant’s contention were to he sustained, it might equally be argued that a license to operate a common show of the class of shuffle board automatically entitled the holder to operate a carousel, ferris wheel, steeplechase, scenic railway, merry-go-round, amusement-arcade, other shows of like character, a theatre, or all of them, in any number he wished, without any requirement of application, inspection, approval or regulation. Such, in the opinion of this court, was not the legislative intent in the enactment of the sections of the law under consideration. “ The Constitution of the State of New York (art. IX, § 12), the City Home Rule Law (§ 11, suhd. 2) and the New York City Charter (§27) have conferred upon the City Council broad legislative power to provide by local law for the preservation and promotion of health, safety and the general welfare of its inhabitants.” (Pomeranz v. City of New York, 1 Misc 2d 486, 489; People v. Lewis, 295 N. Y. 42, 49; Good Humor Corp. v. City of New York, 290 N. Y. 312, 317.)
The defendant is found guilty of the violation of the Administrative Code as charged.