■ CHARLES R. KING et al., Appellants, v. CITY OF RYE et al., Respondents. — In an action for a judgment declaring unconstitutional, illegal and void a resolution of the Common Council of the City of Rye which amended the revised building zone ordinance of said city, restraining defendants from permitting the construction of a garage or filling station on the land of the defendants Powell, and for other relief, the appeal is from a judgment entered after trial before an Official Referee dismissing the complaint and declaring the resolution constitutional and valid. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ.

■ MURRAY M. POMERANZ, Appellant, v. CITY OF NEW YORK et al., Respondents.— Action for a judgment declaring Local Law No. 61 of 1947 of the City of New York, which added article 34 of chapter 32 to the Administrative Code of the City of New York (Administrative Code, § B32–250.0 et seq.) and the rules and regulations promulgated pursuant thereto, to be void, unconstitutional and ineffective, and for other relief. The appeal is from a judgment entered after trial before an Official Referee dismissing the complaint and declaring the local law and the rules and regulations promulgated thereunder to be valid, constitutional and effective. Judgment unanimously affirmed, with costs. No opinion. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ. [1 Misc 2d 486.]

■ MIGUEL RODRIGUEZ, Appellant, v. CITY OF NEW YORK, Respondent.— In an action to recover damages for personal injuries, the appeal is from a judgment entered on a dismissal of the complaint at the close of the entire case. Appellant was injured when he tripped over the edge of a break in a public sidewalk. Judgment affirmed, with costs. No opinion. Nolan, P. J., Murphy, Ughetta and Hallinan, JJ., concur; Kleinfeld, J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum: Under all the circumstances, a question of fact was presented for the jury as to whether the defect in the sidewalk was the proximate cause of appellant's fall and consequent injuries — bearing in mind that the locus in quo is part of an extremely busy and crowded thoroughfare and is adjacent to a subway entrance.

■ FRANCIS A. ROGERS, Respondent, v. TOWN OF OYSTER BAY et al., Appellants.— In an action by a property owner for a judgment declaring that certain real property owned by him is zoned for business uses, and for other relief, the appeal is from an order denying a motion for summary judgment dismissing the complaint. Order affirmed, with $10 costs and disbursements. No opinion. Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.