LANE-MARVEY CORPORATION, Plaintiff, and ROCKET ASSOCIATES, INC., Intervener, Plaintiff, *v.* EDWARD T. McCAFFREY, as Commissioner of Licenses of the City of New York, Defendant.

Supreme Court, Special Term, New York County, March 2, 1953.

*Lester Samuels* and *Gerard Mandelbaum* for plaintiff and intervener, plaintiff.

*Denis M. Hurley, Corporation Counsel* (*Milton Mollen* and *Janet H. Lewin* of counsel), for defendant.

McNALLY, J. This is an action for a declaratory judgment. The plaintiff is engaged in the business of distributing and maintaining an electrically operated mechanical pony on a fixed base with a saddle, intended for a single child, so constructed as to enable a child, upon the insertion of a dime, to obtain a ride for one minute, vibrating up and down with either a bucking or undulating motion. The defendant has ruled that the plaintiff may not operate or cause to be operated said device without a license pursuant to article 5 of title B of chapter 32 of the Administrative Code of the City of New York.

The intervener distributes and maintains electrically operated rocket space ships and similar devices on a fixed base with a seat intended for a single child, which by insertion of a dime enables a child to obtain a ride consisting of one minute, vibrating up and down with a bucking or similar motion. The defendant has also ruled that the intervener is subject to the license provisions of article 5 of title B of chapter 32 of the Administrative Code.

The defendant preliminarily asserts that declaratory judgment is not available to the plaintiff because on June 25, 1952, in the City Magistrate's Court of the City of New York, by reason of the conduct of the plaintiff's said business, the plaintiff was duly found guilty after a trial of violating section B32–41.0 of the Administrative Code in that the plaintiff was operating a common show without a license (*People* v. *Lane-Marvey Corp.*, 203 Misc. 413). The plaintiff has appealed from the said judgment of conviction and said appeal is now pending.

The court is of the opinion that the said objection on the part of the defendant is well taken and that declaratory judgment is not available in order to correct an alleged error in respect of an adjudication which is subject to review by an appeal (*Chicago Pneumatic Tool Co.* v. *Hughes Tool Co.*, 61 F. Supp. 767, affd. 156 F. 2d 981, certiorari denied 329 U. S. 781).

The intervener's claim is, however, not subject to the same infirmity and must be dealt with as if it were the sole claim presented for determination (Twelfth Annual Report of N. Y.

Judicial Council, 1946, p. 228). The defendant argues, however, that declaratory judgment may not be utilized to prevent the enforcement of a penal statute save in exceptional circumstances. The principle relied on is well established (*Davis* v. *American Soc. for Prevention of Cruelty to Animals*, 75 N. Y. 362; *Reed* v. *Littleton*, 275 N. Y. 150). Nevertheless, it has been held that declaratory judgment is an appropriate remedy " If the question * * * were * * * whether plaintiff was required to obtain a license before engaging in his business " (*Reed* v. *Littleton, supra*, p. 156).

Invariably, both civil and criminal sanctions are provided for as a means of enforcing statutes which license, tax or regulate the conduct of business. If, therefore, the principle contended for by the defendant was applied in respect of all such statutes, declaratory judgment would be unavailable to those affected by them. That is not the case, as is evident from cases such as *Dun & Bradstreet* v. *City of New York* (276 N. Y. 198); *Pathe Exchange* v. *Cobb* (202 App. Div. 450, affd. 236 N. Y. 539); *Booth* v. *City of New York* (268 App. Div. 502, affd. 296 N. Y. 573), and *Stampers Arrival of Buyers* v. *City of New York* (269 App. Div. 741, affd. 296 N. Y. 574).

The fact that article 5 of title B of chapter 32 of the Administrative Code provides criminal sanctions is not a bar to a judgment declaring the effect of the licensing provisions in respect of the business of the intervener. Where the dominant purpose is to obtain immunity from prosecution, or a declaration is sought in respect of a criminal statute which operates independently of the licensing statute, it has been held declaratory judgment is inadvisable as an unwarranted interference with the administration and the enforcement of criminal laws. In the case at bar, the penal sanctions are contained in article 5 and, therefore, a declaratory judgment in respect of its licensing provisions must affect to some extent its enforcement provisions. Where, as here, the right to engage in the business activity is clear, except for the effect of article 5, and it does not appear that the dominant purpose is to establish immunity from prosecution, declaratory judgment is proper.

Section B32–40.0 of the Administrative Code provides in part: " *Definitions.*—a. Whenever used in this article, the term ' common show ' shall include:

" (1) a carousel, ferris wheel, gravity steeplechase, chute, scenic cave, bicycle carousel, scenic railway, striking machine, switchback, merry-go-round, puppet show, amusement-arcade

and all other shows of like character, a theatre, other than an open-air theatre, in which the seating capacity exceeds six hundred persons, and in which motion pictures only are exhibited;

" (2) Any machine, apparatus, paraphernalia or device, whether manually, mechanically, electrically, or otherwise operated, in or upon which a game of skill or amusement may be played by one or more persons, singly or collectively, upon the payment of a fee, charge or other consideration, and which machine, apparatus, paraphernalia or device is not arranged, adapted or equipped so that the outcome of the game played thereon or therein is affected by any element of chance".

Paragraph (2) was added by Local Law No. 45 of 1948 of the City of New York and paragraph (3) was added by Local Law No. 47 of 1951 of the City of New York.

Prior to the enactment of paragraph (2), some doubt may have been present regarding the application of the licensing provisions of article 5 to the devices distributed and maintained by the intervener. Paragraph (2), however, resolves any doubt regarding the application of article 5 to such devices, for that subdivision provides for its application to " any machine * * * upon which a game of * * * amusement may be played by one or more persons, singly or collectively, upon the payment of a fee ". It may well be that at the time of the enactment of paragraph (2) devices such as those dealt in by the intervener were not in being, nevertheless they are devices upon which a game of amusement is played by the children who use them. Although at the time of the enactment of paragraph (2) its application to the devices here involved may not have been contemplated, in the absence of expressed or implied limitations on the application of paragraph (2), it is operative as to the intervener's devices because they come within the meaning of the devices described in paragraph (2) (*Matter of Di Brizzi* [*Proskauer*], 303 N. Y. 206, 214).

The same result is dictated by an over-all consideration of article 5. Its evident purpose is to subject to licensing games of skill and amusement operated for profit, except devices which are or may be utilized for gambling purposes, and the intervener deals in a device which exploits for the purpose of gain the desire of children to indulge in games of amusement.

The fact that each device may not be utilized by more than one child at any one time is not determinative of the issues here involved because paragraph (2) specifically provides for its application to a game played by " one or more persons, singly

or collectively''. The limited use of the intervener's devices is a consideration which might be addressed to the city authorities to the end that the licensing fee be adjusted accordingly. Article 5 as presently constituted does not enable any discrimination in its application to rest upon the alleged excessiveness of the license fee required to be paid by the intervener under the circumstances of this particular case.

Since the court is required '' to declare the rights and legal relations of the parties whatever they may be '' (*Rockland Light & Power Co.* v. *City of New York*, 289 N. Y. 45, 51), judgment is directed declaring that the intervener's devices are subject to the licensing provisions of article 5 of title B of chapter 32 of the Administrative Code of the City of New York. Settle judgment in accordance herewith. Thirty days' stay; sixty days to make a case.