Marcus G. Christ, J.
Plaintiff is the owner of a multiple dwelling in Queens County which was erected approximately 25 years ago. At that time, the kitchens were equipped with adjoining tubs and sinks installed pursuant to plans filed with and approved by the Building Department. This equipment having deteriorated during the intervening period, the plaintiff in 1953 caused new combination tubs and sinks to be substituted *286 in place of the original equipment. The defendants (Commissioner and Borough Superintendent, respectively, of the Department of Housing and Buildings) served the plaintiff with a notice dated November 5,1953, which informed the plaintiff that ‘ there exists a violation of Section C26-161.0 of the Administrative Code * * * in that combination sink and tray installed in apartments 4F, 6A and 6E * * * No permit. Remedy: Licensed registered plumber to obtain permit. * * * You are hereby directed to remove the above violation forthwith, pursuant to Section 643a-9.0 of Chapter 26, of the Administrative Code”. On or about January 19, 1954, the plaintiff received from the Department of Housing and Buildings a subpoena which notified the plaintiff to appear before the hearing officer of the City of New York on January 26, 1954, to show cause why a prosecution should not be commenced against the plaintiff for the above-described violation. The subpoena further stated that upon plaintiff’s failure to appear at the time and place specified a prosecution would be commenced without further delay.
The plaintiff thereupon instituted this action for a declaratory judgment determining whether the plaintiff is required by the provisions of the Administrative Code of the City of New York to obtain such a permit. The defendants now move to dismiss the complaint upon the ground that the court in the exercise of its discretion should refuse to take jurisdiction of the action (1) because plaintiff has available to it administrative remedies which have not been exhausted as well as other legal remedies and (2) because the jurisdiction of a court of equity should not be invoked to enjoin the enforcement of a criminal prosecution where the circumstances do not indicate an irreparable injury and a clear legal right to the relief sought.
The basic dispute is whether in making the substitution of the new combination tubs and sinks the plaintiff was required under the provisions of the Administrative Code to obtain a permit. Section C26-161.0 of the Administrative Code deals with permits for construction or alteration and, among other things, requires that before the construction or alteration of the plumbing of any structure or premises shall be commenced, an application shall be made for a permit. However, it is plaintiff’s contention that the provisions of section C26-161.0 are limiter] by the provisions of section C26-171.0 which reads as follows:
“ § C26A71.0 Ordinary repairs excepted from permit requirements. * * *
‘ b. Ordinary repairs to the plumbing system may be made without application or notice to the superintendent, but such *287 repairs shall not include addition to, or alteration, replacement or relocation of any standpipe piping, water distribution piping, house sewer, private sewer, or drainage system including leaders, or any soil, waste or vent pipe, or any gas distribution system. ’ ’
Paragraph “Seventh” of the complaint alleges that “the substitution of the said tubs and sinks aforesaid did not involve any addition to, or alteration, replacement, or relocation of any standpipe piping, water distribution piping, house sewer, private sewer, or drainage system including leaders, or any soil, waste or vent pipe, or any gas distribution system.” Since this is a motion to dismiss the complaint, these allegations as well as other allegations in the complaint are deemed to have been admitted for the purpose of the motion. (Dun & Bradstreet v. City of New York, 276 N. Y. 198, 201; Brown v. New York State Tax Comm., 199 Misc. 349, affd. 279 App. Div. 837, affd. 304 N. Y. 651.)
The first ground upon which the defendants rely for a dismissal of the complaint is the failure of the plaintiff to exhaust its administrative remedies and the availability of other remedies. The defendants on this motion admit that the substitution of new tubs and sinks did not involve any 11 addition to or alteration to, replacement or relocation of any standpipe piping, water distribution piping, house sewer, private sewer, or drainage system including leaders, or any soil, waste, or vent pipe or any gas distribution system.” The language last quoted is the language employed in section C26-171.0 and if the substitution did not come within any of those categories, then no permit was required. If that be so, the action of the administrative officials in issuing a violation order against the plaintiff was unwarranted. While it is generally recognized that administrative remedies ought to be first exhausted before resorting to the courts, the failure to do so is not necessarily a bar to an action for a declaratory judgment. (Woollard v. Schaffer Stores Co., 272 N. Y. 304; Standard Brewing Co. v. Peachey, 202 Misc. 279.) The defendants also urge that there are other legal remedies available to the plaintiff and presumably reference is had to the fact that the plaintiff can assert the inapplicability of the permit requirements of the Administrative Code as a defense to any criminal prosecution which might be instituted against it under the provisions of section 643a-9.0 of the Administrative Code. If that is a remedy at all, it is at best negative in character and ought not to be considered a sufficient reason for denying the plaintiff the right to declaratory relief (New York Operators v. State Liq. Auth., 285 N. Y. 272, 278).
*288 The second ground for this motion to dismiss is based upon the theory that the court’s jurisdiction should not be invoked to enjoin the enforcement of a criminal prosecution. At the present stage, it cannot fairly be said that the plaintiff has refused to comply with the violation order of the defendants. The plaintiff has, by means of this action, sought to obtain a judgment to determine the applicability of the statute relied upon by the defendants to the factual situation here presented. It may more fairly be said that through this action the plaintiff is seeking to avoid being charged with the commission of a crime. The court does not believe that the case of Reed v. Littleton (275 N. Y. 150) operates as a bar to the maintenance of this action. The opinion in that case expressly noted that no question of any right to any license or permission nor of any right to proceed without a license was involved. In the present case, the basic issue is whether permission should have been obtained before the substitution of the new equipment.
The court is of the opinion that the complaint states a good cause of action and that the motion to dismiss must be denied.' (Ben-Su-Si Realty Cory. v. Wagner, 72 N. Y. S. 2d 765.)