Jacob Markowitz, J.
Plaintiff moves for judgment on the pleading’s. The complaint seeks a declaratory judgment that the ‘ ‘ Multiple Dwelling Code, particularly Section D 26-3.1” is unconstitutional, null and void. The basis of plaintiff’s attack upon section D26-3.1 of the Administrative Code of the City of New York is that the City of New York had no power to adopt the section because the regulation of multiple dwellings is a State affair and the State of New York had pre-empted the field when it enacted the Multiple Dwelling Law. Plaintiff’s brief asserts that the city had no authority to enact measures relating to multiple dwellings which are inconsistent with the State’s Multiple Dwelling Law. It asserts that the city’s local law differs from the State statute in three respects: (1) it requires an owner to pay a registration fee, whereas the Multiple Dwelling Law does not provide for the payment of a fee; (2) it requires corporations owning multiple dwellings to file the names and addresses of their officers; and (3) it fixes heavier penalties for failure to register than those prescribed in the Multiple Dwelling Law.
The right of the plaintiff to maintain this action for a declaratory judgment has already been upheld. Mr. Justice Tilzer denied a motion to dismiss the present amended complaint. The motion, as the moving affidavit on the motion indicates, was predicated upon the claim that plaintiff was not entitled to sue for a declaratory judgment. Mr. Justice Tilzer’s decision did not, however, determine plaintiff’s right to the declaratory judgment sought by him. Defendant’s motion to dismiss had been made before answering the amended complaint and, therefore, raised only the question of plaintiff’s right to obtain a declaratory judgment, not his right to obtain the judgment to which he believed himself entitled (Rockland Light & Power Co. v. City of New York, 289 N. Y. 45, 50, 51). *526 Mr. Justice Tilzeb’s opinion does not even touch upon the merits of plaintiff’s claim of unconstitutionality, and, as previously observed, the motion apparently was based only upon plaintiff’s alleged lack of right to maintain the action.
The second of the three claimed differences between the State statute and the local law may be disregarded, for section 325 of the Multiple Dwelling Law was amended in 1959 so as to require corporate owners and lessees of multiple dwellings to file the names and addresses of the corporate officers and statements of changes of officers or addresses. The difference was thus eliminated.
In People v. Lewis (295 N. Y. 42) the Court of Appeals upheld a local law which fixed higher penalties for violations of price and rent control legislation than those prescribed by the State Legislature. The court declared (pp. 50-51) that the local law was not inconsistent with the State statute merely because it provided for higher penalties. Judge Thacheb, writing for the court, said (p. 51): “ Laws dealing with the same subject are not necessarily incompatible because not identical.” It was pointed out that the local law was valid under the Constitution, the City Home Buie Law and the charter unless it was inconsistent with a State statute. The reasoning of the court is applicable not only to the higher penalties fixed in the local law presently attacked as invalid, but also to the provision requiring a registration fee. If a local law prescribing heavier penalties for violations than those fixed in a State statute is not inconsistent therewith, it must be clear that a local law requiring registration fees is not inconsistent with a State statute which does not impose any fees.
The city relies also upon the provision of sections 3 and 365 of the Multiple Dwelling Law, which expressly state that a city may adopt and enforce more restrictive measures than those provided in the Multiple Dwelling Law. Plaintiff contends, however, that these sections were intended to relate only to measures more restrictive as to such matters as the height of buildings and the area to be occupied by them. Even if it be assumed that plaintiff’s interpretation is correct, it does not follow that the requirement of a registration fee and the fixation of heavier penalties are invalid. The sections referred to were intended to validate more restrictive measures which would otherwise be invalid because inconsistent with the Multiple Dwelling Law. The provisions of the local law under attack in this case are, however, as previously pointed out, not inconsistent with the State statute (People v. Lewis, supra).
*527 Plaintiff also attacks the validity of the provision of the local law permitting a fine up to $1,000 and imprisonment up to one year in the event of a conviction for a -second violation of the provisions of said law. It appears from the amended complaint, however, that plaintiff has already been convicted of a second violation.
The forum in which plaintiff’s rights must be determined is the criminal court in which he was tried and the tribunal which hears appeals from that court. His remedies in that forum are or were adequate. An action for a declaratory judgment will not ordinarily be entertained where there is an adequate remedy at law. Moreover, the proper purpose of such an action is to obtain a determination in order to shape and guide one’s future action, not to secure a collateral determination as to the validity of a past conviction in another court or of plaintiff’s past conduct.
Motion denied and judgment on pleadings granted to defendant. Settle order.