FERTITTA *v.* BROWN, ET AL.

[No. 386, September Term, 1968.]

*Decided March 7, 1969.*

The cause was argued before HAMMOND, C. J., and MAR-BURY, BARNES, FINAN, SINGLEY and SMITH, JJ.

*William E. Chamberlain,* with whom were *Ginsberg & Ginsberg* and *Hyman Ginsberg* on the brief, for appellant.

*Ernest C. Trimble* for appellee.

HAMMOND, C. J., delivered the opinion of the Court.

The flowers that bloom in the spring have something to do with this case and their coming this year will not inspire Albert J. Fertitta, the appellant, to sing tra la as he has done figuratively for the past six springs. The zoning commissioner of Baltimore County after a hearing brought about by protesting neighbors, the appellees, herein referred to as Brown, found on August 28, 1962, that Mr. Fertitta was illegally conducting a marina on his riverfront lot, 208 Corsica Road, in the 15th Election District, and in an order never appealed directed such activity to cease permanently within thirty days. Nevertheless, Mr. Fertitta each spring and summer since, by skillful and persistent use of the administrative and judicial processes, has been able to conduct his usual marina operations. On July 31, 1963, over the objection of Brown, the zoning commissioner held another hearing and as a result found on somewhat circuitous and, it would appear, unsound reasoning that Fertitta had lost his non-conforming right to use his waterfront lot for a marina and ordered on July 31, 1963, that: "The use of the subject property for a boatyard and marina, either for commercial purposes or for use as a storage place for the boats of friends and neighbors shall cease immediately." (It appears that when he was

called to account after the 1962 order Fertitta claimed that he was not using the lot commercially and that the numerous boats stored at its slips were all those of his many friends and neighbors, to whom he had refunded their slip rentals.) The board of appeals held that the zoning commissioner's first order of August 28, 1962, was final and also affirmed his order of July 31, 1963. Fertitta's appeal to the Circuit Court was dismissed for technical reasons.

Again over the objection of Brown, Fertitta gained another hearing on July 20, 1964, before the deputy zoning commissioner under an alleged right claimed to be given him by a provision of the County zoning regulations providing for a special hearing to determine the existence *vel non* of a non-conforming use. The hearing was continued to November 9, 1964, and finally on January 15, 1965, the deputy zoning commissioner decided that a boatyard had existed on lot 208 Corsica Road prior to 1945, the year zoning first came to Baltimore County, and continuously up to 1958, the year Fertitta bought the property, but that boats are no longer sold, built or repaired there, and held that lot 208 Corsica Road "may be used for the rental of slips and the sale of marine supplies and sundry items."

Brown appealed to the board of appeals, which on July 23, 1965, ordered that Fertitta was authorized to continue his marina. On appeal to the Circuit Court, Judge Proctor held on October 7, 1965, that admittedly there had been no change in conditions or circumstances between the date of the first order of August 28, 1962, and the time of the hearing before him, that the evidence as to the long-continued non-conforming use produced before the deputy zoning commissioner in 1964 was available and could have been produced by Fertitta before the zoning commissioner in 1962 and 1963, and was not because, according to Fertitta, he was too busy defending eleven separate charges of zoning violations before trial magistrates. Judge Proctor said that by analogy to the doctrine of res judicata when the evidence which is presented to an administrative agency could have been presented at an earlier hearing, and there is no change in circumstances between the times of the hearings, the final decision in the earlier case is unalterably binding under *Whittle v. Board,* 211 Md. 36; *Bensel v. Mayor and City Coun-*

*cil,* 203 Md. 506; and *Mayor and City Council v. Linthicum,* 170 Md. 245, and held:

"Accordingly, the Court concludes that even if the failure to prosecute an appeal from the decision of Commissioner Rose, dated August 28th, 1962, did not bring an end to the matter, (and the Court believes it did), the failure to go forward with the appeal to the Circuit Court for Baltimore County from the order of Commissioner Rose, dated July 31st, 1963, was the end of the road.

"Although the grounds of this decision are those which have been set forth above, the Court is of the further opinion that the evidence adduced before the County Board of Appeals at the last hearing was not legally sufficient to support the Board's finding, and that the Board's decision was, therefore, arbitrary and capricious. The Demurrer is overruled, and the orders of the Deputy Zoning Commissioner dated January 15th, 1965, and of the County Board of Appeals dated July 27th, 1965, be and they hereby are reversed."

On motion for rehearing and reconsideration, Judge Proctor held on June 16, 1966:

"As stated above, the Court reviewed and weighed all the testimony and all of the exhibits at the time of the prior hearing. The Court's decision on this phase of the case was not arrived at idly. If the Court were to reconsider what it has done in every case, we'd never get any cases tried. Accordingly, I am not going to reconsider this phase of the case. The Intervenor-Petitioner contends that it is not barred by the prior decisions because there is a difference between the prior decisions and the present case in that the two earlier cases involved charges of violations against Intervenor-Petitioner, whereas the present case involves positive action by the Intervenor-Petitioner to have the zoning authorities determine that he has a vested right, viz., a non-conforming use. Identically the same question

was presented by zoning violation cases. If the Petitioner has a valid non-conforming use, then there would not have been a finding, as there was, of a zoning violation. So that the Court does not consider this point to have merit."

Fertitta entered an appeal to this Court from Judge Proctor's orders but failed to perfect his appeal which as a result was dismissed on November 8, 1966.

Fertitta then rested until May 3, 1967, when he filed a bill seeking a declaratory decree in which he alleged that as a result of the dismissal of his appeal to the Court of Appeals in November 1966, "the order of the Zoning Commissioner dated July 31, 1963, is, for all intents and purposes, the law of the case * * *" and that "the order aforesaid of July 31, 1963, is confusing, and is ambiguous and effectively deprives and will deprive your Plaintiff of the use of his property in violation of his Constitutional Rights * * *," and prayed a declaration that the order of July 31, 1963 is "unenforceable, impracticable, unconstitutional and void, and without force of law."

Brown's demurrer to the bill relied on Fertitta's admission that the order of 1963 was the law of the case and his failure to set forth any ambiguity in the order of 1963 and the claim that the relief sought was barred and Fertitta's rights, including any constitutional rights, were beyond relief, by virtue of the doctrine of res judicata, all administrative and judicial remedies and recourses having been exhausted.

Judge Menchine sustained the demurrer without leave to amend, giving no reasons on the record for so doing. The present appeal followed and Fertitta enjoyed another spring and summer of renting slips and selling marina-type supplies, since the zoning enforcement officials, including the state's attorney, took the position that they would not enforce the orders of 1962 and 1963 while a case challenging those orders was pending, or on appeal.

We think this is one of those relatively rare instances of a petition for declaratory relief in which a demurrer properly was filed, as a justified challenge to the availability of the remedy sought to be used, *Hunt v. Montgomery County*, 248 Md. 403,

408-410, and we affirm the order sustaining the demurrer without leave to amend, which should mean that Fertitta will not this year, or in the years to come, unless the law is changed, greet the spring flowers by resuming the operation of his marina at 208 Corsica Road, being entitled to use lot 208 Corsica Road only for those uses permitted under his present Business Local zoning and not barred by the orders of the zoning commissioner of August 28, 1962 and July 31, 1963.

Whether or not the reasons relied on by Judge Proctor to deny Fertitta relief from the orders of 1962 and 1963 were sound—and we do not intimate that they were not—it is apparent that the doctrine of *res judicata* controls the case. The Circuit Court's final judgment on the merits is a binding adjudication that on the same state of fact and law Fertitta does not have a right, legal or constitutional, to operate a marina or to carry on marina-type activity on lot 208 Corsica Road. *Alvey v. Alvey*, 225 Md. 386; *Woodlawn Area Citizens Assn. v. Board of County Commissioners for Prince George's County*, 241 Md. 187, 195-196; *Chatham Corp. v. Beltram*, 243 Md. 138; *Alvey v. Hedin*, 243 Md. 334; *De Maio v. Lumbermens Mutual Casualty Co.*, 247 Md. 30; *Pat Perusse Realty v. Lingo*, 249 Md. 33.

We see no ambiguity in the order of July 31, 1963. Indeed, it would seem that the clarity, specificity and directness of the order are what distress Fertitta. No constitutional right is impinged by the legal necessity of a landowner to use his property as others similarly situated must use theirs under a valid zoning ordinance, unless the landowner is deprived of all reasonable use of his property; and there is no showing or even claim here that Fertitta is deprived of every reasonable use of lot 208 Corsica Road.

Declaratory relief was inappropriate here for reasons in addition to the impact of *res judicata*. Once a controversy has been finally adjudicated by a court with jurisdiction of the subject matter and the parties, the controversy is no longer alive and therefore is not the proper subject for a declaratory judgment action; and it is generally held that judgments and decrees speak for themselves and declaratory proceedings are not available either to construe, clarify or modify them. Declaratory pro-

ceedings were not intended to and should not serve as a substitute for appellate review or as a belated appeal. 22 Am. Jur. 2d *Decaratory Judgments* § 17; 2 Anderson, *Declaratory Judgments* (2d. Ed.), § 469; Brochard, *Declaratory Judgments* (2d Ed.), pp. 350-352, 355. We held in *Mayor and City Council v. Seabolt,* 210 Md. 199, *Poe v. Baltimore City,* 241 Md. 303, and *Gingell v. County Commissioners,* 249 Md. 374, that a declaration was not available to test the current zoning status of a particular property, and in *Quinan v. Schneider,* 247 Md. 310, that a declaration could not be granted to declare non-paternity once the Paternity Act had been set in operation. If declaratory relief cannot be invoked prospectively where special administrative or judicial mechanics have been legislatively or judicially established for the type of case involved, certainly it should not be allowed where the special mechanics already have. been utilized to binding finality.

*Order affirmed, with costs.*