## GRIMM *v.* COUNTY COMMISSIONERS OF WASHINGTON COUNTY

[No. 137, September Term, 1968.]

*Decided March 10, 1969.*

628

The cause was argued before HAMMOND, C. J., and MAR-
BURY, BARNES, McWILLIAMS, FINAN and SINGLEY, JJ.

*Vincent R. Groh* for appellant.

*James F. Strine* for appellee.

BARNES, J., delivered the opinion of the Court.

Elwood W. Grimm, the appellant and plaintiff below, chal-
lenges the propriety of an order of the Circuit Court for Wash-
ington County (Rutledge, J.) filed on May 13, 1968 dismiss-
ing Grimm's petition in equity for a declaratory decree that the
Junk Yard Ordinance of Washington County (the Ordinance),
effective September 22, 1964 was unconstitutional and void. The
decision below was based primarily on the ground that the pe-
tition for declaratory relief was filed subsequent to the issuance
of three warrants charging Grimm with violations of certain
provisions of the Ordinance relating to fencing, burning and
stacking of motor vehicles; so that all of the issues could be
properly and adequately raised and decided in the normal course
of the pending criminal proceedings.

The facts are not in dispute. On August 22, 1966, Grimm
filed his petition for declaratory relief alleging in relevant part:
(1) that he was a citizen of Washington County, who, for the
past 18 years, had operated an automobile salvage and used car
business on approximately 40 acres of land along the Hagers-
town-Smithsburg Highway in the County; (2) that he had been
issued a license to operate the junk yard business under the
Ordinance and was operating that business pursuant to that
license; (3) that he had been charged by the County Commis-
sioners of Washington County, the defendants below and ap-
pellees in this Court, with the violations of certain sections of
the Ordinance in regard to fencing, burning and stacking of
motor vehicles; (4) that the same junk yard had been consid-
ered by the Circuit Court for Washington County in a similar

Petition for Declaratory Relief in No. 23,413 Equity, in which case, Judge Irvine Rutledge stated in his opinion that " 'Even a solid wall or fence at this site would not screen the premises because of the hills and elevated highway' "; (5) that Grimm cannot comply with Section 1 of the Ordinance and screen the site so that the contents stored there are not viewable from the highway; and (6) that the Ordinance is unconstitutional for a number of reasons, *viz,* as being arbitrary and capricious and not serving to promote the public health, safety or welfare; as an invalid exercise of the police power, resulting in a taking of private property for public use without the payment of just compensation; as containing vague and indefinite provisions; and because it was passed under an Enabling Act which did not contain proper guides and standards to guide the counties in the exercise of the power conferred. The prayers for relief were (1) for a declaration under Section 29 of the Uniform Declaratory Judgments Act, Code (1957), Art. 31A, Sec. 2, that the Ordinance is unconstitutional, invalid, null and void, (2) to enjoin the County Attorney and the County Commissioners from prosecuting Grimm for alleged violations of the Ordinance, and (3) for other and further relief.

The County Commissioners filed an answer to the petition on September 19, 1966 admitting most of the allegations of fact but pointing out that the statement of the Circuit Court in the prior declaratory judgment proceeding had been dicta, and denying the alleged unconstitutionality of the Ordinance.

Nothing was done in the suit until May 2, 1968 when counsel for the County Commissioners, at the request of the Chancellor, filed a Supplemental Answer reciting that a hearing on the petition should encompass arguments of law and that no testimony should be taken, with a request that the Chancellor limit the hearing to an argument on the applicable law. This supplemental answer was filed the day of the hearing.

The Chancellor, after the hearing, filed on May 13, 1968, a written opinion in which he indicated that "the issue of applicability was presented in an informal fashion," since the lower court, after having been advised by counsel that no witnesses were to be called and only a legal argument presented, had instructed counsel for the County Commissioners "to file another

pleading to present squarely the question of the applicability of a declaratory judgment. The Chancellor pointed out that there had been a change of administration in the County and that a new County Attorney had been apppointed since the former County Attorney had filed the original answer. The new attorney, at the court's request, had filed the supplemental answer raising the issue of applicability. The Chancellor concluded that in view of the pending criminal charges, he would exercise his discretion by refusing a declaratory judgment, pointing out, however, that Grimm was not denied his day in court to argue the constitutionality of the Ordinance in the pending criminal cases. This appeal was timely taken from the Chancellor's order passed in accordance with his opinion.

Grimm presents two arguments to us:

1. The County Commissioners originally having fully answered the petition for a declaratory decree without alleging the pendency of the criminal proceedings as a defense could not later raise the issue of the propriety of the declaratory relief for this reason.

2. The issuance of the warrants charging a violation of the Ordinance, which is *malum prohibitum* in nature, did not preclude a declaratory decree in regard to the constitutionality or validity of the Ordinance.

We are of the opinion that the Chancellor did not abuse his discretion in either entertaining the question of the propriety of granting declaratory relief or in declining to grant such relief, so that we shall affirm the order dismissing the petition and requiring Grimm to pay the costs.

1.

As the Chancellor pointed out in his opinion, the issue in regard to the applicability of the declaratory judgment procedure was presented in an "informal manner." Maryland Rule 329 f states, in part, that "Supplemental pleadings shall not be allowed, *except in the discretion of the court.*" (Emphasis supplied.) In the present case, the Chancellor, himself, directed the County Attorney to file a pleading raising the issue and although the supplemental answer did not directly pose the issue, it did request that the hearing be limited to questions of law "concern-

ing all allegations of said Petition for Declaratory Decree" thereby suggesting that all legal issues would be before the Chancellor at the hearing. The Chancellor found that no surprise was involved and that Grimm should not be permitted "to take technical advantage of the situation," although "a more formal way would have been to permit the County to withdraw its first answer and demur, * * *." This would have been a more formal and the preferred manner of proceeding — see *Greenbelt Homes, Inc. v. Board of Education,* 248 Md. 350, 237 A. 2d 18 (1968)—but in view of the lack of surprise, we cannot say that the Chancellor abused his discretion in directing the County Attorney to file the supplemental answer and in considering the issue of the proper applicability of declaratory relief procedures in the instant case.

Indeed, inasmuch as the applicable statute gives the trial court a measure of discretion in regard to whether or not to grant the declaratory relief, as will be more fully considered later in this opinion, it would appear that the trial judge would be authorized to explore the applicability of the statutory remedy, *sua sponte,* in order to exercise adequately and properly his discretion in the particular case.

## 2.

Article 31A, Section 2 gives the courts the right to grant declaratory relief pursuant to the Uniform Declaratory Judgment Act (the Act) to "Any person * * * whose rights, status or other legal relations are affected by a statute, municipal ordinance * * *" and such a person "may have determined any question of construction or validity arising under the * * * statute, ordinance * * *." Article 31A, Section 6, "Discretionary relief", provides, in part, as follows:

> "Relief by declaratory judgment or decree *may* be granted in all civil cases in which an actual controversy exists between contending parties, or in which the court is satisfied that antagonistic claims are present between the parties involved which indicate *imminent and inevitable litigation,* * * *. When, however, a statute provides a special form of remedy for a specific type of case, that statutory remedy must be fol-

lowed: but the mere fact that an *actual or threatened controversy* is susceptible of relief *through a general common-law remedy,* or an *equitable remedy,* or an *extraordinary legal remedy,* whether such remedy is recognized or regulated by statute or not, shall not debar a party from the *privilege* of obtaining a declaratory judgment or decree in any case in which the other essentials to such relief are present; * * *." (Emphasis supplied.)

By the enactment of the Acts of 1945, Chapter 724, the General Assembly made it clear that declaratory relief was to be granted under the Act notwithstanding the availability of another adequate remedy either at law or in equity. This enactment resulted in a legislative reversal of the decisions of our predecessors to the effect that declaratory relief was not available in such situations. See *Mayor and City Council of Baltimore v. Seabolt,* 210 Md. 199, 123 A. 2d 207 (1956). This legislation, however, did not modify, either by terms or by construction, the explicit language of Section 6 of the Act, and our decision in *Seabolt* made it clear that the Act, as amended by the Act of 1945, Chapter 724 did not say "that there is a right to declaratory relief wherever there is a right to a usual legal or equitable remedy; it says that the existence of such a remedy shall not bar declaratory relief, not that ordinary relief and declaratory relief shall be co-extensive." (210 Md. at 209, 123 A. 2d at 211.) *Seabolt* also makes it clear that even after the amendment to the act "some discretion is left to the courts" [1] in granting declaratory relief. See also *Staley v. Safe Deposit & Trust Co.,* 189 Md. 447, 56 A. 2d 144 (1947), in which Judge Markell, for the Court, indicated that "courts have some judicial discretion to refuse a declaratory judgment when it does not serve a useful purpose or terminate controversy." (189 Md. at 456-57, 56 A. 2d at 149.)

It has been held that a person threatened with criminal prosecution under a statute or ordinance he considers unconstitutional, may receive declaratory relief under the Act to avoid the risk of criminal prosecution and the possibility of having his license

---

1. 210 Md. at 210, 123 A. 2d at 212.

revoked. See *Davis v. State,* 183 Md. 385, 37 A. 2d 880 (1944) ; *Case v. Comptroller,* 219 Md. 282, 149 A. 2d 6 (1959) ; *Pitts v. State Board of Examiners of Psychologists,* 222 Md. 224, 160 A. 2d 200, 81 A.L.R.2d 787 (1960). See also *Pressman v. Barnes,* 209 Md. 544, 121 A. 2d 816 (1956). None of these cases, however, holds that such relief may not be refused in the exercise of a sound judicial discretion *after criminal proceedings have been instituted,* and no subsequent decision of this Court has considered that question. Cf. *Quinan v. Schneider,* 247 Md. 310, 231 A. 2d 37 (1967). See *Fertitta v. Brown,* 252 Md. 594, 251 A. 2d 212. Grimm earnestly argues that inasmuch as the Ordinance makes its violation a misdemeanor and provides that each day on which a violation continues is a separate offense, declaratory relief should be available to avoid the risk of continuing or subsequent criminal prosecutions, even though criminal proceedings are already pending. There are several answers to this argument: (1) there was no allegation in the petition for declaratory relief that the Ordinance contained the provision for continuing violations or that any such additional criminal prosecutions were being instituted or threatened;[2] (2) the Ordinance was not filed as an exhibit with the petition and was not otherwise before the Chancellor or before us, and ordinarily the courts do not take judicial notice of municipal ordinances, *Kramer v. Board of County Commissioners,* 248 Md. 27, 234 A. 2d 589 (1967) ; *Walker v. D'Alesandro,* 212 Md. 163, 170-71, 129 A. 2d 148, 152, 64 A.L.R.2d 231, 238 (1957), and cases therein cited; (3) the avoidance of the risk, humiliation and embarrassment of a criminal prosecution no longer exists with much vigor after a criminal prosecution has already been begun.

Although there is an apparent division of authority on the question, in our opinion the better considered cases hold that once a criminal proceeding has been instituted in which the

---

2. It was stated at the argument by the County Attorney, without contradiction, that no such additional criminal proceedings had been contemplated or threatened. In the absence of threatened prosecution, the mere existence of a criminal statute is not such a threat as to present a justiciable controversy for relief under the Act. See *Hitchcock v. Kloman,* 196 Md. 351, 76 A. 2d 582 (1950).

question of constitutionality of the statute or ordinance can be adequately decided, the courts properly exercise their discretion in declining to grant declaratory relief in a civil proceeding for such relief.

In *Spence v. Cole,* 137 F. 2d 71 (4th Cir. 1943), the United States Circuit Court of Appeal for the Fourth Circuit, in a case involving a municipal ordinance, alleged to have been unconstitutional, and for violation of which criminal proceedings had been instituted, by a *per curiam* opinion, stated (after indicating that the court assumed that the enforcement of the ordinance would deprive the plaintiffs of their constitutional rights)

> "We are asked to hold that plaintiffs are entitled to a declaratory judgment establishing their rights. The granting of a declaratory judgment, however, is a matter resting in the sound discretion of the court (*Aetna Casualty & Surety Co. v. Quarles,* 4 Cir., 92 F. 2d 321) ; and it is clear that the discretion ought not be exercised in a case of this character where its only effect would be to decide matters, as pointed out in the quotation above, which could be better decided in the criminal courts of the state. This is particularly true in view of the fact that criminal actions are pending against plaintiffs in the state courts involving the identical questions as to which plaintiffs ask a declaratory judgment. See Borchard Declaratory Judgments, 2d Ed., pp. 312, 653, 1022; *Aetna Casualty & Surety Co. v. Quarles, supra.*
>
> "The decree appealed from will accordingly be reversed." (137 F. 2d at 73.)

*Updegraff v. Attorney General,* 298 Mich. 48, 298 N. W. 400, 135 A.L.R. 931 (1941), involved a petition for declaratory judgment which was filed after the commencement of prosecution of the plaintiff before a justice of the peace for a misdemeanor arising because of the alleged failure of the plaintiff to observe a quarantine on dogs. Justice Butzel, for the Supreme Court of Michigan, indicating affirmance of the trial court's order dismissing the petition, stated:

> "We condemn the practice of a person who, after be-

ing charged with violating the law, then asks for a declaratory judgment in an independent cause, with the result that *two cases involving the same subject matter are pending at the same time.* If such a practice were permitted, it would cast an unnecessary burden on the courts and the law enforcement authorities." (Emphasis supplied.) (*298* Mich. at 51, *298* N. W. at 401, 135 A.L.R. at 933.)

The Court of Appeals of New York has indicated that to grant declaratory relief when another action in which all of the same issues may be adequately determined is pending at the time the action for a declaratory judgment is filed is an *abuse of the trial court's discretion.* See *Woollard v. Schaffer Stores Co.,* 272 N. Y. 304, 311, 5 N.E.2d 829, 832, 109 A.L.R. 1262, 1265 (1936); *Colson v. Pelgram,* 259 N. Y. 370, 182 N. E. 19 (1932). See also *Taylor v. Cooper,* 60 So. 2d 534 (Fla. 1952); *Staub v. Mayor of Baxley,* 211 Ga. 1, 83 S.E.2d 606 (1954).

A number of cases have indicated that an action for a declaratory judgment is particularly inappropriate as a collateral attack on a prior conviction, where other remedies are available. See *Clark v. Memolo,* 174 F. 2d 978 (D.C. Cir. 1949) (stressing the desire to avoid unnecessary conflicts between jurisdictions), cited with approval and followed in *Hurley v. Lindsay,* 207 F. 2d 410 (4th Cir. 1953) (stating that appellant's remedy was a motion in the sentencing court), and in *Tuckson v. Clemmer,* 231 F. 2d 658 (4th Cir. 1956). See also *Sepulveda v. Colorado,* 335 F. 2d 581 (10th Cir. 1964) (denying federal declaratory judgment to determine the validity of a state court judgment and sentence); *People v. Ray,* 181 Cal.App.2d 64, 5 Cal. Rptr. 113 (1960), *cert. denied,* 366 U. S. 937, 81 S. Ct. 1662, 6 L.Ed.2d 848 (1961), *cert. denied,* 368 U. S. 971, 82 S. Ct. 448, 7 L.Ed.2d 400 (1962) (habeas corpus provides adequate remedy); *Hinkle v. Howard,* 225 Ind. 176, 73 N.E.2d 674 (1947) (habeas corpus provides adequate remedy); *Theodos v. Bossier City,* 95 So. 2d 825, 232 La. 1059 (1957) (held to be an *abuse of discretion* to give declaratory judgment where appeal from criminal conviction was still pending and there were no constitutional questions involved); *Lane-Marvey Corp.*

*v. McCaffrey,* 204 Misc. 166, 119 N.Y.S.2d 830 (1953), *aff'd.,* 282 App. Div. 1013, 126 N.Y.S.2d 197 (1953), *appeal denied,* 283 App. Div. 655, 127 N.Y.S.2d 809 (1954) (declaratory judgment not allowed as to party convicted under criminal ordinance who has right of appeal, but granted as to intervening party not party to criminal proceedings) ; *Schildhaus v. Gilroy,* 22 Misc. 2d 524, 195 N.Y.S.2d 124 (1959), *appeal denied,* 8 N.Y.S.2d 850, 203 N.Y.S.2d 902, 168 N.E.2d 707 (1960) (*dicta* that purpose of declaratory judgment is to determine future action, not as a collateral attack on past conviction) ; *Johnson City v. Caplan,* 194 Tenn. 496, 253 S.W.2d 725 (1952) (holding it to be an *abuse of discretion* for the trial court to grant declaratory relief that a city ordinance was unconstitutional pending an appeal from the plaintiff's conviction and fine for a violation of the ordinance).

Counsel for Grimm urges upon us that we should adopt a suggestion made by Professor Borchard that the law *should be* that a distinction should be made between crimes which are *mala prohibita* and those which are *mala in se,* so that the former type of crimes arising under regulatory statutes enacted under the police power should be the subject of declaratory relief, while the latter type should not be. See Borchard, *Declaratory Judgments,* Ch. III at 1021 (2d Ed. 1941). This is an interesting distinction and several cases have referred to it although not relying on it specifically. See, *e.g., Bryarly v. State,* 232 Ind. 47, 111 N.E.2d 277 (1953) (affirming trial court's denial of declaratory judgment after adverse decision on same issues in criminal proceeding) ; *Ostrander v. Linn,* 237 Iowa 694, 22 N.W.2d 223 (1946) (affirming granting of a declaratory judgment) ; *Pacific Meat Co. v. Otagaki,* 47 Hawaii 652, 394 P. 2d 618 (1964) (plaintiff threatened with prosecution and harassment but no criminal charges filed at time of commencement of declaratory judgment action). In any event, we do not understand Professor Borchard to be advocating that declaratory judgments *must* be used to decide questions arising from crimes which are *mala prohibita,* but, at most, that a more liberal approach be used in granting such relief where the crime is *malum prohibitum* than where it is *malum in se* so that it might not be an abuse of discretion for the trial judge to grant

such relief where the question arises out of an action involving a crime which is *malum prohibitum,* where it might be an abuse of discretion if the crime is *malum in se.* For the present, it suffices to note that if this distinction is valid, it is only one factor to be considered by the Chancellor in the exercise of his discretion.

It will be noted, however, that Professor Borchard in his *Declaratory Judgments* 2d Ed., stated at p. 350 :

> "Where an action or proceeding is already pending in another forum involving the same issues, it is manifestly unwise and unnecessary to permit a new petition for a declaration to be initiated by the defendant or the plaintiff in that suit."

and also

> "[T]he court will refuse a declaration where another court has jurisdiction of the issue, where a proceeding involving identical issues is already pending in another tribunal, where a special statutory remedy has been provided, or where another remedy will be more effective or appropriate under the circumstances. In these cases it is neither useful nor proper to issue the declaration. In some of these cases, * * * the declaration is refused on jurisdictional grounds. In others, the refusal is justified on discretionary grounds." (Borchard, *Declaratory Judgments,* Ch. V *Discretion* at p. 302 (2d Ed. 1941.)

He further stated at p. 1022 in the Chapter entitled, *"Penal" Legislation—Civil Adjudication or Criminal Prosecution?,* under the heading, *Conditions of Seeking Declaration* :

> "On the other hand, not every doubter of his rights under a law carrying a criminal penalty should be permitted to invoke the protection of a civil adjudication. If the District Attorney actually obtains an indictment or begins his prosecution, the rules of equity should limit the occasion for the court's exercise of its power of restraint, and the prosecuting officer must

have considerable leeway in selecting the offense and offenders to be indicted. Where the prosecution is imminent but not yet begun, equity exercises more latitude in protecting property or a business against the impending prosecution. Only where the District Attorney fails to initiate the suit, or where he threatens to prosecute or charges a violation of law and then fails to follow up the threat or charge, is the foundation laid for an action by the party charged for a declaration either that the statute or regulation is invalid or that his conduct is privileged, *i.e.,* not within the terms of the prohibitory statute."

The other cases relied on by the appellants do not appear to us to be closely in point. Thus, in *Goodwin v. City of Louisville,* 309 Ky. 11, 215 S.W.2d 557 (1948), the court reversed the denial of a declaratory judgment, and noted that there were threats of continued prosecution for each day of continued violation; that there was a substantial danger of irreparable harm as there might be no right of appeal from an adverse decision by a justice of the peace; and that the ordinance involved made provision for such other relief. The Massachusetts Supreme Judicial Court in *Demetropolos v. Commonwealth,* 342 Mass. 658, 175 N.E.2d 259 (1961), specifically stated that the propriety of the remedy was not contested. Similarly, in *Kraus v. Birns,* 39 Misc. 2d 562, 241 N.Y.S.2d 189 (1963), all parties consented to the use of the declaratory judgment proceeding, and, in addition, the court noted that the plaintiff had been subjected to a continuing series of prosecutions.

In *Sikora Realty Corp. v. Gillroy,* 37 Misc. 2d 285, 132 N.Y.S.2d 240 (1954), the court cited the *Woollard* case, *supra,* and distinguished the case before it, by stating that the plaintiff was "seeking to avoid being charged with the commission of a crime," as it appeared that the only proceeding previously invoked against the plaintiff was administrative and not criminal. And in *Pomeranz v. New York,* 1 Misc. 2d 486, 151 N.Y.S.2d 789 (1955), *appeal dismissed,* 166 N.Y.S.2d 511, 3 N.Y.2d 885, 145 N.E.2d 186 (1957), *aff'd,* 181 N.Y.S.2d 766, 7 App. Div.2d 752 (1958), the *Woollard* case was also cited and dis-

tinguished. The court granted the declaratory judgment there because the magistrate who tried the criminal case either could not or did not decide the constitutional issues. See also the comprehensive annotation entitled, *Validity, Construction, and Application of Criminal Statutes or Ordinances as Proper Subject for Declaratory Judgment,* 10 A.L.R.3d 727-94; 26 C.J.S. *Declaratory Judgments* § 51 (1956).

As we have indicated already, there appears to be a division of authority between those jurisdictions which hold that it is an abuse of discretion to grant a declaratory judgment when there is a pending criminal prosecution involving the same parties and same issues, and those which hold that in a proper case, it is within the trial judge's discretion to grant such relief. We are not convinced, however, that the two lines of authority may not be reconciled on the basis of differences in local procedure or the types of interests threatened or the nature of the threatening prosecution. Thus, in a proper case, as where the plaintiff alleges that he is subjected to a threat of continuing prosecution which will not be abated by the criminal proceeding or where there is a substantial threat of irreparable harm, or where for other reasons, the criminal proceeding will not adequately resolve all of the issues, it may be within the discretion of an equity court to grant declaratory relief. However, we do not find it necessary to reach this question as the case before us is not one in which we are asked to overrule the discretion of the Chancellor in *granting* a declaratory judgment. No case in point has been brought to our attention in which the trial judge's *denial* of declaratory relief has been found to be an abuse of discretion. Accordingly, we hold that it was well within the discretion of the judge below to find that all of the same issues could have been properly and adequately heard in the normal course of criminal proceedings and to deny declaratory relief.

Counsel for Grimm points out that the pending criminal proceedings were instituted before a justice of the peace who may be a layman and not able to render a knowledgeable opinion on the constitutionality of the Ordinance, relying on the *Ostrander* case, *supra.* We do not find this case persuasive or even closely in point. The court there *affirmed the granting* of a declaratory judgment by the trial judge, despite the pendency of a criminal

prosecution. However, it went to great length to analyze the procedure involved and concluded that there were substantial reasons why the plaintiff could not try the issues "with equal facility" before the justice of the peace as he could in the district court by a declaratory judgment. It noted that:

> "[I]t will be observed that declaratory relief may be denied if there is another action pending between the parties and, in such action, the parties will be able 'to procure a full and immediate adjudication of their rights,' or the issues involved in the case already pending 'can be tried with equal facility' or the suit for declaratory relief 'will serve no useful purpose.'" (237 Iowa at 702-03, 22 N.W.2d at 228.)

We agree generally with these statements and believe that this case is easily distinguishable by the fact that in a criminal prosecution before an Iowa justice of the peace, the defendant had no right to a transfer of the case to the district court. The accused in this State, however, has the right to demand a jury trial and thus have the criminal case tried before the circuit court, so that the *same circuit court* which would pass upon the constitutionality of the ordinance in the declaratory judgment case would pass upon the question of constitutionality in the criminal case.[3]

In our opinion, it would be an unfortunate policy to encourage those already under criminal prosecution to seek a civil remedy by way of declaratory relief in regard to an issue which may be properly and adequately raised and decided in the criminal case. As Justice Butzel, in *Updegraff, supra,* aptly stated: "* * * it would cast an unnecessary burden on the courts and the law enforcement authorities." (298 Mich. at 51, 298 N. W. at 401, 135 A.L.R. at 933.) The times are such that no addi-

---

3. Although not in the record, it was stated at the argument, without contradiction, that Grimm had elected a jury trial in the pending criminal cases which have been held in abeyance pending the outcome of the present case. In any event, we may take judicial notice of the right of the accused to elect a jury trial and thus have his trial before the Circuit Court.

tional burden should be added either to the courts or to the law enforcement officials.

We reiterate what the Chancellor stated in his opinion, *i.e.,* that the "petitioner is no wise denied his day in Court to argue the constitutionality of the Ordinance" and our decision is without prejudice to the petitioner's right to raise the constitutional issues in the pending criminal cases.

*Order affirmed, the appellant to pay the costs.*