# BROWN ET AL. *v.* FERTITTA

[No. 119, September Term, 1971.]

*Decided December 14, 1971.*

The cause was argued before HAMMOND, C. J., and BARNES, FINAN, SINGLEY and SMITH, JJ.

*Ernest C. Trimble,* with whom were *Whiteford, Taylor, Preston, Trimble & Johnston* on the brief, for appellants.

Submitted on brief by *William E. Chamberlain* for appellee.

HAMMOND, C. J., delivered the opinion of the Court.

Back before us is Albert J. Fertitta, who over the years has shown a Houdini-like skill in evading the commands of the zoning laws that he was not entitled to use his property in Middleborough, Baltimore County (lots 207, 208 and 209 Corsica Road), fronting on Norman Creek, a tributary of Middle River, as a boatyard or marina.

The history of Mr. Fertitta's endeavors—largely successful—to run around the ends of zoning restrictions is spread on the pages of the decision in *Fertitta v. Brown,* 252 Md. 594, 599, where, in affirming the order of the trial court that at last he had reached the end of the line, we said:

> "* * * [this]should mean that Fertitta will not this year, or in the years to come, unless the law is changed, greet the spring flowers [Mr. Fertitta is a florist] by resuming the operation of his marina at 208 Corsica Road, being entitled to use lot 208 Corsica Road only for those uses permitted under his present Business Local zoning and not barred by the orders of the zoning commissioner of August 28, 1962 and July 31, 1963."

The tentative suspicion of the Court that the law might be changed to Mr. Fertitta's advantage has proved to be justified. On October 24, 1966 Baltimore County adopted a new comprehensive Eastern Area Land Use Map. The commercial classification on Mr. Fertitta's lot 208 was removed and the lot put in the R-6 residential classification, as were lots 207 and 209. This gave him an area of some 0.726 acres, all zoned R-6.

Section 270 of the Baltimore County Zoning Regulations (1969 Ed.) makes a boatyard a permissible use in a residential zone if the zoning commissioner or the

County Board of Appeals, on appeal, grants a special exception for such use.

As a prerequisite to granting any special exception, § 502.1 of the County Zoning Regulations requires the granting authority to find that the requested use will not:

> "a. Be detrimental to the health, safety, or general welfare of the locality involved;
>
> b. Tend to create congestion in roads, streets or alleys therein;
>
> c. Create a potential hazard from fire, panic or other dangers;
>
> d. Tend to overcrowd land and cause undue concentration of population;
>
> e. Interfere with adequate provisions for schools, parks, water, sewerage, transportation or other public requirements, conveniences; or improvements;
>
> f. Interfere with adequate light and air."

In April 1970 Mr. Fertitta filed a petition for a special exception to use lots 207, 208 and 209 for a boatyard. The zoning commissioner denied the request, finding that the petitioner had not met his burden of showing that the use applied for would not offend the standards of § 502.1 of the County Zoning Regulations.

An appeal was taken to the County Board of Appeals. The applicant presented probative evidence that the use he would make of lots 207, 208 and 209 would not cause any of the harms § 502.1 guards against. The protestants offered probative evidence that the proposed use would cause some, if not all, of those harms. The Board decided that a reasonable debate had been won by the applicant. Its opinion found that the petitioner "has satisfied the requirements of Section 502.1 of the Zoning Regulations for a Boat Yard operation limited to:

1. Marine fueling
2. Snack bar sales
3. Miscellaneous marine supplies sales

704

4. Berthing of boats at pier
5. Use of launching ramp."

Its order did not specifically and expressly incorporate these limitations. It bindingly ordered, pursuant to the authorizations of § 502.2 of the Zoning Regulations that:

"1. The facility shall be in substantial conformity to the proposal shown on plat, Petitioner's Exhibit No. 2

2. Boats, moored and/or berthed, at the subject shall not exceed 24 boats at any one time

3. No boat exceeding 24 feet in length shall be berthed overnight

4. Sale of food, fuel and merchandise offered for sale on the premises, and all ramp launchings shall be confined to those hours within one hour before sunrise to one hour after sunset

5. A road widening strip, fronting the subject property along Corsica Road, shall be conveyed by the Petitioner to Baltimore County as required by the Planning Department of Baltimore County

6. Sanitary facilities shall be provided by the Petitioner as required by Baltimore County authorities

7. Petitioner shall provide self-closing, rodent proof, trash containers for customers' use, and shall daily keep the premises free of debris

8. Drydock storage and repair of customers' boats, trailers, and equipment are prohibited."

The protestants appealed to the Circuit Court, where Judge MacDaniel affirmed the Board's order, finding to his satisfaction "that the Board's Order with its eight restrictions was supported by substantial evidence in the record and that the issues before the Board as to

the meeting of the requirements of Section 502.1 were fairly debatable issues."

We find the Circuit Court's affirmance of the Board was proper. Our review of the record has led us to conclude that a reasoning mind reasonably could have reached the result the Board reached and therefore its action was not arbitrary, capricious or illegal. The Board and the Circuit Court will be affirmed, with slight modification.

The appellants complain strongly that the Board's order did not incorporate the five limitations on boatyard use found in its opinion and ask that if we affirm we require the order to be amended to include these limitations. We find the request reasonable and appropriate, considering the talent and energy Mr. Fertitta has exercised over the years to twist and turn the zoning prohibitions and regulations he does not like so as to continue to use his property as he does like.

> *Order of the Circuit Court modified to require the County Board of Appeals to include in its order granting the special exceptions the five limitations on use set out in its opinion and, as modified, affirmed, costs to be paid by the appellants.*