307 So.2d 259 (1975)
Petra DURAN et al., Appellants,
v.
A.E. WELLS et al., Appellees.
No. 73-803.
District Court of Appeal of Florida, Second District.
January 8, 1975.
*260 Richard M. Rogers and Michael R. Masinter of Florida Rural Legal Services, Inc., Immokalee, for appellants.
Robert L. Shevin, Atty. Gen., Tallahassee, and Guy E. Labalme, Asst. Atty. Gen., Tampa, for appellee, A.E. Wells.
GRIMES, Judge.
This is a case involving a charge that the Florida criminal-legal process is being used to collect back rent from migrant workers. Since this is an appeal from an order dismissing the complaint with prejudice against one of the defendants and striking certain allegations, the contents of the complaint will be discussed in detail.
The plaintiff alleged that she obtained lodging on September 15, 1972, at a camp owned by Immokalee Vegetable Harvesting and Hauling Contractors, Inc. (IVH) and managed by Joseph P. Handy (Handy). On January 23, 1973, the plaintiff was two weeks behind in the payment of rent. When Handy demanded that she vacate the premises, the plaintiff told him he ought to fix the leak in the roof before demanding rent. At the same time she offered a partial payment of the back rent and said she would be able to pay the full arrearage when she received a check on February 1. Though Handy had allowed her to fall behind on other occasions, he told her he would not accept her partial payment and would have her arrested if she did not immediately vacate the premises.
Thereafter, the plaintiff and Handy were engaged in a continuous dispute until the plaintiff moved out on February 1. On February 7 she was arrested for the crime of obtaining lodging with intent to defraud the owner under Fla. Stat. § 509.151.[1] She appeared the following day before County Judge A.E. Wells. She waived a proffered right to counsel. The plaintiff says that she did not plead to the charge against her but replied that she had not paid the rent for the reason that the landlord had refused to repair the roof. After questioning her at some length with *261 regard to the rent which was owed, the judge told her that since she could not pay, he accepted her plea of guilty and sentenced her to thirty days in jail together with "$70 restitution to the landlord," with the further proviso that if she failed to pay the $70 she would receive an extra thirty days in jail. The plaintiff asserts that she never at any time pled guilty to the charge. When the judge learned that the plaintiff had taken an appeal from the conviction, he vacated the sentence. In the meantime, the plaintiff had spent six days in jail. The appeal was discontinued.
The plaintiff seeks individual relief in the sense that she demands compensatory and punitive damages against Handy and IVH. She also attempts to sue on behalf of that class of persons who have been or may hereafter be prosecuted in Judge Wells' court under Fla. Stat. § 509.151, and "all persons in the State of Florida who may be prosecuted under said statute." There is an allegation that at least fifteen persons have been similarly prosecuted in Judge Wells' court in the last fifteen months with the result that they either paid their landlords or were found guilty. The plaintiff requests a declaratory judgment that Fla. Stat. § 509.151 is unconstitutional, asks that Judge Wells be enjoined from enforcing the statute and seeks the expungement of the arrest and conviction records of all persons arrested and/or convicted under the statute.
The lower court granted Judge Wells' motion to dismiss and struck the plaintiff's claims for declaratory judgment, injunctive relief and expungement of the records. By its terms, the order dismisses the class action but permits the plaintiff to proceed for the purpose of claiming damages against Handy and IVH.
It cannot be determined from the record whether the court below was passing on the constitutionality of the statute. Presumably, because she was in doubt, the plaintiff appealed to this court rather than to the Supreme Court.[2] Nevertheless, much of the plaintiff's argument is directed to constitutionality of the statute.
The basis of the constitutional attack is that the statute violates the Florida Constitutional proscription against imprisonment for debt[3] and the due process clause of the federal Constitution.[4] The plaintiff argues that the portion of the statute which specifies that the failure to make payment shall constitute prima facie evidence of intent to defraud cannot stand. Citing a line of U.S. Supreme Court cases,[5] the plaintiff says that the mere failure to pay for lodging cannot "beyond a reasonable doubt" create the inference that the lodger had a fraudulent intent.
As a general rule, we believe that the constitutionality of a criminal statute should be determined either in the proceeding wherein one is charged with violating the statute or in an action alleging an imminent threat of such a prosecution.[6] The right to a declaratory judgment depends upon a justiciable controversy.[7] In *262 the posture of this case, we do not think the constitutional question is properly presented.[8]
Even though the plaintiff cannot directly attack the validity of the statute, do the stricken portions of the complaint state a cause of action? We think not. One cannot complain because a court has convicted persons under a presumptively valid statute. Had the statute already been declared unconstitutional or if it were being applied by the county court in a manner previously determined to be unconstitutional, a different picture would be presented. This is a far cry from United States v. McLeod, C.A.5, 1967, 385 F.2d 734, in which the Court of Appeals held that a concerted series of acts by the sheriff and other public officials of Selma, Alabama, violated the Civil Rights Act by interfering with the right to vote.
In order that our opinion not be misconstrued, we wish to make clear that we would have no hesitation in sustaining a complaint in which facts were alleged to show a pattern of conduct on the part of a judge reflecting an illegal or discriminatory administration of his court.
The order is affirmed.
BOARDMAN, A.C.J., and McNULTY, J., concur.
NOTES
[1] "509.151 Obtaining lodging with intent to defraud; penalty.  Any person who shall obtain food, lodging or other accommodations at any hotel, motel, apartment house, rooming house, inn, boarding house, trailer park or restaurant, with intent to defraud the owner or keeper thereof, shall be guilty of a misdemeanor of the second degree, punishable as provided in § 775.082 or § 775.083; provided, that if any owner or keeper, including the manager or assistant manager in the absence of the owner or keeper, of such establishment has probable cause to believe, and does believe, that any person has obtained food, lodging or other accommodations at such establishment with intent to defraud the owner or keeper thereof, and upon demand for payment being made, and there being no dispute as to the amount owed, failure to make payment shall constitute prima facie evidence of intent to defraud; provided, further, that the provisions of this section shall not apply where there has been an agreement in writing for delay in payments."
[2] See Fla. Const., art. V, § 3(b)(1).
[3] Fla. Const., art. I, § 11.
[4] U.S.Const., amend. XIV.
[5] Barnes v. United States, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973); Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970); and Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969).
[6] Cf. Watson v. Centro Espanol de Tampa, 1947, 158 Fla. 796, 30 So.2d 288; see Hurley v. Lindsay, C.A.4, 1953, 207 F.2d 410; Clark v. Memolo, 1949, 85 U.S.App.D.C. 65, 174 F.2d 978; Bryarly v. State, Ind. 1953, 111 N.E.2d 277. Speaking with reference to the constitutionality of a criminal ordinance, the court in Schildhaus v. Gilroy, N.Y. Sup. Ct. 1959, 22 Misc.2d 524, 195 N.Y.S.2d 124, said that the proper purpose of a declaratory judgment action "is to obtain a determination in order to shape and guide one's future action, not to secure a collateral determination as to the validity of a past conviction in another court or of plaintiff's past conduct."
[7] Bryant v. Gray, Fla. 1954, 70 So.2d 581; Grable v. Hillsborough County Port Authority, Fla.App.2d 1961, 132 So.2d 423.
[8] Were this issue before us on a direct appeal from the plaintiff's conviction, we would have some qualms concerning the constitutionality of the statute, at least in its application to persons who have lived in the same lodging for a substantial period of time and who have simply fallen behind in the payment of their rent. But see Dirk v. State, Fla. 1974, 305 So.2d 187.