PER CURIAM.
This is an appeal from an order dismissing a complaint seeking to have Section 447.401, Florida Statutes (1977)[1] declared unconstitutional.
Plaintiff-appellant, Marylou K. Sherry, is an employee of the Dade County School Board and is a member of the bargaining unit of which the defendant-appellee, United Teachers of Dade, is the exclusive bargaining agent. Sherry, who is not a member of the U.T.D., claims that the School Board breached the collective bargaining agreement with the U.T.D. by refusing to give her a particular job even though she was the best qualified applicant. Being aggrieved of this action, Sherry requested that the U.T.D. process a grievance on her behalf against the School Board. She alleged that by letter of February 13, 1978, the U.T.D. advised her that it would not process the grievance on her behalf because she is not a union member and pursuant to Section 447.401, Florida Statutes (1977), the U.T.D. was no longer required to represent non-dues paying members in grievance procedures.
Thereupon, Sherry filed the present declaratory judgment action arguing that Section 447.401, Florida Statutes (1977) is unconstitutional in that the refusal of the U.T.D. to process a grievance on her behalf, because she is not a union member, constitutes discrimination based upon non-union membership which is prohibited by Article 1, Section 6, Florida Constitution (1968).[2]
The U.T.D. filed a motion to dismiss the complaint and in support of the motion listed six grounds including (a) lack of standing (since there is not a sufficient interest shown in the relief sought) to bring the action, and (b) preemption of jurisdiction of the Circuit Court by the Public Employees Relations Commission over labor activities covered by Chapter 447, Florida Statutes (1977). The Attorney General intervened and also filed a motion to dismiss and alleged as grounds, inter alia, lack of standing and failure to sufficiently allege the requirements for declaratory judgment under Section 86.011 et seq., Florida Statutes (1977). After a hearing, the court dismissed the complaint on the ground that jurisdiction of the matter is preempted by the Florida Public Employees Relations Commission. Sherry appeals. We affirm, but not for the reason stated in the dismissal order.
Attached to Sherry’s complaint is the letter of February 13,1978 wherein the U.T.D. allegedly refused to process the grievance on her behalf. Nevertheless, an examination of that letter reflects that the U.T.D. agreed to represent Sherry for a fee as set out in a Service Fee Schedule established *447 for non-dues paying members. It is clear that the gravamen of Sherry’s complaint is that the U.T.D. would not process her grievance free of charge, although she is not a dues paying member and could process the grievance by herself. We, therefore, conclude that in the posture of this case the issue of the constitutionality of Section 447.401, Florida Statutes (1977) is not properly presented and Sherry lacks the requisite interest to bring the instant action under Section 86.011 et seq. Florida Statutes (1977). See e. g. Duran v. Wells, 307 So.2d 259 (Fla.2d DCA 1975).
Affirmed.

. “447.401 Grievance procedures
“Each public employer and bargaining agent shall negotiate a grievance procedure to be used for the settlement of disputes between employer and employee, or group of employees, involving the interpretation or application of a collective bargaining agreement. Such grievance procedure shall have as its terminal step a final and binding disposition by an impartial neutral, mutually selected by the parties. However, an arbiter or other neutral shall not have the power to add to, subtract from, modify, or alter the terms of a collective bargaining agreement. If an employee organization is certified as the bargaining agent of a unit, the grievance procedure then in existence may be the subject of collective bargaining, and any agreement which is reached shall supersede the previously existing procedure. All public employees shall have the right to a fair and equitable grievance procedure, administered without regard to membership or non-membership in any organization, except that certified employee organizations shall not be required to process grievances for employees who are not members of the organization. A career service employee shall have the option of utilizing the civil service appeal procedure or a grievance procedure established under this section, but such employee cannot use both a civil service appeal and a grievance procedure.”

. “Art. 1, § 6 CONSTITUTION — 1968 REVISION
“§ 6. Right to work
“The right of persons to work shall not be denied or abridged on account of membership or non-membership in any labor union or labor organization. The right of employees, by and through a labor organization, to bargain collectively shall not be denied or abridged. Public employees shall not have the right to strike.”